JOHN MARSHALL vs. OLD COLONY STREET RAILWAY
COMPANY.

Norfolk.    November 22, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Evidence,* Remoteness.

In an action against a corporation operating a street railway for personal injuries
from the plaintiff being thrown from his seat in a car of the defendant by a jolt-
ing and swaying of the car alleged to have been caused by an improper con-
struction of the track combined with a high rate of speed, if the plaintiff offers
to show that at a time one year after the accident the rails of the track at the
place where the accident occurred showed evidence of wear, it not having ap-
peared whether the worn rail was down at the time of the accident or how long
it had been there or whether it was worn when put down, the presiding judge
in his discretion properly may exclude the evidence upon the ground "of the
lapse of time after the accident, and the lack of proof that it was the same iron
in use at the time of the accident."

TORT for personal injuries alleged to have been incurred by
the plaintiff on May 22, 1905, from being thrown from his seat
to the floor in a car of the defendant, in which he was being
transported as a passenger, by the violent jolting and swaying
of the car, alleged in the first count to have been due to the
negligent and reckless operation of the car by the servants of the
defendant, and alleged in the second count to have been due to
the unsafe and dangerous condition of the roadbed, track and
equipment of the defendant.    Writ dated July 21, 1905.

At the trial in the Superior Court before *Sherman,* J., the
judge submitted to the jury the following questions:

"1.  At the time of the accident was the car running at a high
and dangerous rate of speed ?

"2.  Was the railway at the place of the accident constructed
in an improper and dangerous manner ? "

The jury answered each of these questions in the negative.
They returned a verdict for the defendant; and the plaintiff
alleged exceptions, raising the question in regard to exclusion
of evidence which is stated in the opinion.

*H. E. Fales*, for the plaintiff.

*Asa P. French*, for the defendant.

HAMMOND, J. The jury found that at the time of the accident the car was not running at a high and dangerous rate of speed. This was fatal to the plaintiff's case so far as it rested upon the first count. They also found that the railway at the place of the accident was not constructed in an improper and dangerous manner. This was fatal to the plaintiff so far as his case rested upon the second count.

The only question is one of evidence. In the course of the trial the plaintiff, having introduced a photograph, taken a year after the accident, of the tracks and roadbed, and a plan of the same as they existed a little more than a year after the accident, and having introduced other evidence tending to show that the method of the construction of the cross over was defective and improper, and that a " car going over the cross over and switch, in the direction in which this car was going would have a tendency to cut into the rails, especially if the car was going fast," offered further to show that at the time the photograph was taken and the plan made the outer or westerly rail as well as its " mate " showed evidence of wear. He offered this as bearing upon the issue whether the construction was improper. It did not appear whether the worn rail was down at the time of the accident, nor how long it had been there, nor whether it was worn at the time it was placed there. Moreover it must be regarded as a matter of common knowledge that when a car strikes a rail at an angle the inevitable result is to wear out more or less the rail. In the absence of any evidence as to when the rail was put down and as to whether it was worn when put down, the evidence could go no further than to show this general tendency. And even if it had appeared how long the rail had been down and how much it had been worn in the time it was down, it may well be doubted whether the evidence would have thrown any light upon the question of improper construction.

In view of the extreme remoteness of the evidence as bearing upon the cause of the injury, and the collateral questions which upon its introduction would be likely to arise, its exclusion upon the ground " of the lapse of time after the accident, and the lack

of proof that it was the same iron in use at the time of the accident," was within the discretion of the court. We do not see how its exclusion could have been prejudicial to the plaintiff.

*Exceptions overruled.*